# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF NextGen 1.6.3
### Eastern Division

Dongguan Yuhong ShenXuan Tech Co., Ltd

                                           Plaintiff,

v.                                                          Case No.: 1:23−cv−00268

                                                         Honorable Franklin U. Valderrama

John Doe

                                           Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, January 20, 2023:

      MINUTE entry before the Honorable Franklin U. Valderrama: Plaintiff's motion for leave to exceed page limitation in its motion for temporary restraining order [5] is granted. Plaintiff's ex parte motion for temporary restraining order [6] is denied without prejudice with leave to refile. "The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b). While Plaintiff alleges that it has communicated with Defendant via email, Plaintiff has not served Defendant in this case and Plaintiff has filed its motion ex parte without explaining (1) any efforts it took to give notice to Defendant, (2) why irreparable harm will result before Defendant can be heard in opposition, or (3) why notice should not be required. Accordingly, the motion is denied at this time with leave to refile after complying with the notice requirements of Rule 65. In addition, Plaintiff shall file an amended notification of affiliates by 1/31/2023 because the notification of affiliates it filed (R. 3) does not comply with Local Rule 3.2. Plaintiff stated only that it does not have "a parent corporation, and no publicly traded corporation currently owns more than 5% or more of its stock." R. 3. However, Rule 3.2 requires disclosure of all affiliates, which is "defined as any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party." LR 3.2 (emphasis added) (notification may also "state that after a diligent review the party has identified no affiliates."). Emailed notice (axc).

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and

criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.