UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Dongguan Yuhong ShenXuan Tech Co., Ltd, *Plaintiff*, v. John Doe, *Defendant*. | CASE NO. 22-cv-00268<br><br>**Judge:** Honorable Franklin U. Valderrama<br><br>**Magistrate**: Honorable Susan E. Cox |

**PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE**

Plaintiff Dongguan Yuhong ShenXuan Tech Co., Ltd ("Plaintiff"), by and through its attorneys, moves pursuant to Federal Rules of Civil Procedure ("Rule") 4(f)(3) to grant Plaintiff leave to serve Defendants through email.

Since the granting of the TRO, Plaintiff has notified the Defendant about this law suit through timerya8743@outlook.com. Plaintiff has attached the complaint, TRO motion, and TRO order in Plaintiff's email.

**BACKGROUND**

Plaintiff brought this current lawsuit against Defendant John Doe for Declaratory Judgment of Copyright Non-Infringement[Dkt. No. 1]. Plaintiff owns and operates an Amazon store "YuHongShenXuan," the Merchant Token of this store is A4ETHVB4UUJ72. Plaintiff mainly sells one product using this store, a Nose Hair Trimmer under the brand name ZORAMI. Plaintiff's products were all purchased from a manufacturer in China. This manufacturer designed this nose hair trimmer clipper independently since 2014 and started to manufacture this

product as early as 2017. This product is sold on Amazon.com under many different brand since 2018.

The real identity of the Defendant is still unknown. Plaintiff will amend the Complaint to add Defendant's identity once Amazon provided more information about the Defendant. However, Amazon has provided Plaintiff with Defendant's pseudonym and contact information. Defendant's pseudonym is TY and the contract information is timerya8743@outlook.com.

Plaintiff has presented the Court with a detailed factual background in Plaintiff's motion for Temporary Restraining Order. The fact is clear and simple, Defendant filed multiple copyright infringement complaints to Amazon, alleging Plaintiff's 2018 product infringed Defendant's 2020 copyright. Defendant's complaint led to the delisting of Plaintiff's store's ASINs. In exchange for Defendant to withdraw its fraudulent copyright infringement complaints, defendant extorted Plaintiff for money. Through the entire extortion process, Defendant has never revealed his real identity. However, Plaintiff is certain that Defendant is based in China. Plaintiff has served a Subpoena on Amazon, trying to identify the Defendant. To avoid further delay of the process, Plaintiff files this current motion to seek leave from the Court to serve Defendants through alternative means.

## LEGAL STANDARD

Federal Rule of Civil Procedure Rule 4(h)(2) governs service of process on foreign companies such as Defendant and requires compliance with the manners of service identified in 4(f). Rule 4(f) states that an individual in a foreign country may be served as follows: (3) by other means not prohibited by international agreement, as the court orders.

Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing" to 4(f)(1) and 4(f)(2) and is not "extraordinary relief" or a "last resort." *In re OnePlus Tech. (Shenzhen) Co., Ltd.*, No. 2021-CV-165, 2021 WL 4130643, at *3 (Fed.

Cir. Sept. 10, 2021) (citing Nuance, 626 F.3d at 1239). Moreover, "a plaintiff does not have to attempt to effect service under Rule 4(f)(1) or Rule 4(f)(2) prior to requesting the authorization of an alternative method of service pursuant to Rule 4(f)(3)." *Affinity Labs of Tex., L.L.C. v. Nissan N. Am. Inc.*, No. WA:13-CV-369, 2014 WL 11342502, at *1 (W.D. Tex. July 2, 2014).

Rule 4(f)(3) provides that service upon an individual in a foreign country may be effected by any "means not prohibited by international agreement, as the court orders." Alternative service "is neither a last resort nor extraordinarily relief, but instead is merely one means among several which enables services of process on an international defendant." *1025 W. Addison St. Apartments Owner, LLC v. Grupo Cinemex, S.A. de C.V.*, No. 20-cv-06811, 2021 U.S. Dist. LEXIS 99131, at *22 (N.D. Ill. May 26, 2021) (internal quotation marks omitted) (quoting *Rio Props. v. Riol Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)).

"Accordingly, courts typically order service under Rule 4(f)(3) after considering the delay and expense of conventional means of service in conjunction with other special circumstances that justify court intervention." *Viavi Solutions Inc. v. Zhejiang Crystal-Optech Co Ltd*, 2022 WL 1271706, *2 (E.D. Tex. 2022). Service of process through the Hague Convention is expected to take eighteen months to two years to complete. In fact, in granting alternate service, courts have noted that the Ministry of China indicates that service of process may take more than two years to complete. *Victaulic Co. v Allied Rubber & Gasket Co.*, 2020 U.S. Dist. LEXIS 82150, fn. 3 (S.D. Cal. 2020).

Determinations regarding alternate service under Rule 4(f)(3) are conferred to the discretion of the district court. *STC.UN v TP-Link Technologies Co., LTD.*, 2019 Dist. LEXIS 239369 (W.D. Tex. 2019). Courts are empowered to fit the manner of service utilized to the facts and circumstance of the particular case. *Enovative Techs., LLC v Leor,* 622 Fed. Appx. 212, 214 (4th Cir.2015). Therefore, as long as the method of service is not prohibited by International agreement, a court has considerable discretion to authorize an alternative means of service. *See Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) ("As obvious from its plain language, service under Rule 4(f)(3) must be (1)

directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text."). "Under Rule 4(f)(3), federal courts have discretionary authority to direct service." *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1239 (Fed. Cir. 2010).

## ARGUMENT

**A.     Alternative Service by Email On Defendant Domiciled in China is Routinely Granted by This Court.**

The Hague Service Convention ("Convention") governs the service of process of civil matters among citizens of signatory nations in an attempt to give litigants a reliable, efficient, and standardized means of international service. Service by email is not specifically provided for in the Convention, but neither is it forbidden. *See MacLean-Fogg Co. v. Ningbo Fastlink Equip. Co.*, No. 08 CV 2593, 2008 U.S. Dist. LEXIS 97241, 2008 WL 5100414, at *2 (N.D. Ill. Dec. 1, 2008) ("The Hague Convention does not prohibit service by e-mail or facsimile."); *Sulzer Mixpac AG v. Medenstar Indus. Co.,* 312 F.R.D. 329, 331 (S.D.N.Y. 2015) (same); *Ouyeinc Ltd. v. Alucy*, No. 20 C 3490, 2021 U.S. Dist. LEXIS 118876, 2021 WL 2633317, at *3 (N.D. Ill. June 25, 2021) (same); *see also Commodity Futures Trading Comm'n v. Caniff*, No. 19-cv-02935, 2020 U.S. Dist. LEXIS 33416, 2020 WL 956302, at *6 (N.D. Ill. Feb. 27, 2020) ("The Convention does not affirmatively authorize, nor does it prohibit, service by email"). Thus, despite that Plaintiff had not attempted service under the terms of the Convention, this Court was authorized to order that service be effected by an alternative means (i.e., email) so long as Plaintiff "ma[d]e a showing as to why alternative service should be authorized." *Flava Works, Inc. v. Does 1-26*, No. 12 C 5844, 2013 U.S. Dist. LEXIS 57588, 2013 WL 1751468, at *7 (N.D. Ill. Apr. 19, 2013).

A speedy method of service in this case was justified to ensure, among other reasons, that the continuance use of Defendant's fraudulent copyright be stopped. *Strabala v. Zhang*, 318 F.R.D. at 114 ("Court-directed service pursuant to Rule 4(f)(3) is appropriate when, for example, 'there is a need for speed that cannot be met by following the Hague Convention methods. . . .' ") (quoting 4B FED. PRAC.

& PROC. CIV. § 1134 (4th ed.))). In addition, email was a more reliable method of service in this case because Defendant's email addresses were verified by Amazon in Amazon's policy warning notice. Also, Defendant has been using this email to communicate with the Plaintiff. This is precisely a situation that justifies an order directing that service be effected by alternative means. *See Ouyeinc*, 2021 U.S. Dist. LEXIS 118876, 2021 U.S. Dist. LEXIS 118876, 2021 WL 2633317, at *3 ("courts have routinely upheld service by email" in infringement actions where online stores "business appeared to be conducted entirely through electronic communications") (cleaned up) (*citing Rio Props.* 284 F.3d at 1018. ("When faced with an international e-business scofflaw, playing hide-and seek with the federal court, e-mail may be the only means of effecting service of process"))

Email is a more reliable method because Defendant provided his email addresses to Amazon when he filed his fraudulent copyright complaint against the Plaintiff. Also, as mentioned before, service of process may take more than two years to complete in China. Email in this case is justified to ensure an immediate action to stop Defendant from filing more fraudulent copyright infringement complaints against Plaintiff and is necessary to stop more irreparable harm from occurring.

## CONCLUSION

For the reasons set forth above, Plaintiff requests that the Court enter an Order permitting service by email on Defendant's email address, timerya8743@outlook.com.

Dated: January 24, 2023　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　/s/ Ruoting Men
　　　　　　　　　　　　　　　　　　　　Ruoting Men, Esq.
　　　　　　　　　　　　　　　　　　　　GLACIER LAW LLP
　　　　　　　　　　　　　　　　　　　　200 E. Randolph Dr., Ste. 5100
　　　　　　　　　　　　　　　　　　　　Chicago, IL 60601
　　　　　　　　　　　　　　　　　　　　Ruoting.men@glacier.law
　　　　　　　　　　　　　　　　　　　　tao.liu@glacier.law
　　　　　　　　　　　　　　　　　　　　332-261-8227

Tao Liu, Esq.
GLACIER LAW LLP
41 Madison Avenue, Ste. 2529
New York, NY 10010
Tao.liu@glacier.law
332-208-1505
***Attorneys for Plaintiff***

## **CERTIFICATE OF SERVICE**

      I, Ruoting Men, an attorney, hereby certify that on January 24, 2023, I caused a true and correct copy of the foregoing document to be served via the Court's ECF system upon all counsel of record.

Dated: January 24, 2023                                                         /s/ Ruoting Men
                                                                                                      Ruoting Men

Case: 1:23-cv-00268 Document #: 14 Filed: 01/24/23 Page 7 of 7 PageID #:234